**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW ENGEL, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>GANNON UNIVERSITY,<br><br>     Defendant. | Case No.  1:23-cv-244<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Andrew Engel ("Plaintiff"), by and through his undersigned counsel, brings this Class Action Complaint against Defendant, Gannon University ("Gannon" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. Higher education is no different from any other industry in as much as consumers (*i.e.*, students) have the ability to shop between different educational products offered by competitive institutions before ultimately purchasing the product that is right for them.

2. Some colleges and universities offer an educational product without access to a campus or in-person community, while others offer an educational product with access to a varied suite of services, activities, facilities, and experiences through an on-campus, in-person educational experience.

3. Gannon offers students the option to pick either: (1) online classes, or (2) an on-campus, in-person educational experience at its Erie, Pennsylvania campus.

4. Plaintiff, an undergraduate student during the Spring 2020 semester, chose and paid

1

tuition and fees to enroll in Gannon's on-campus, in-person education program, including all the benefits and services associated therewith for the entirety of the semester.

5.      Plaintiff's paid-for experience was cut short mid-way through the Spring 2020 semester, when that in-person educational experience was taken away from Plaintiff and other students at Gannon.

6.      In March 2020, in response to the outbreak of the SARS-CoV-2 virus, the virus that causes the COVID-19 disease (the "COVID-19 pandemic"), Gannon, like many other colleges and universities, transitioned to remote online-only education, canceled on-campus recreational events, canceled student activity events, and ordered students to refrain from going on campus.

7.      As a result, all on-campus education, services, and amenities were no longer available to Gannon students for the remainder of the Spring 2020 semester.

8.      Despite the harsh reality that students could no longer enjoy the benefit of the bargain for which they pre-paid, Gannon refused to provide a prorated refund of tuition or fees tied to on-campus education, services, and amenities that were not available to students for a significant part of the Spring 2020 semester. Indeed, upon transitioning to online-only education in March 2020, Gannon only pro-rated room and/or board charges for students for the Spring 2020 semester.

9.      Accordingly, Gannon's students lost the benefits of the bargain for services and the experience they paid for but could no longer access or use following the school's transition to remote learning in March 2020.

10.      By not giving pro-rated refunds for tuition or fees charged for on-campus education and services not provided, Gannon breached its contracts with students or was otherwise unjustly enriched.

11.     It cannot be disputed that the circumstances underlying this legal action are unfortunate and unprecedented. However, the students did not choose these circumstances, and they certainly did not agree to pay tuition and fees for online-only education and services.

12.     It is unfair and unlawful for Gannon to retain tuition and fees for campus-based in-person education and services not being provided and to pass the financial losses on to its students.

13.     Importantly, Plaintiff does not challenge Gannon's discretion in adhering to federal, state, and local health guidelines, but rather challenges Gannon's decision to retain the tuition and fees, paid by Plaintiff and other students for in-person education, experiences, access to campus, and services, without providing such for the entire duration of the Spring 2020 semester.

14.     Plaintiff brings this class action for damages and restitution resulting from Gannon's retention of the tuition and fees paid by Plaintiff and the other putative Class members for in-person education and services that were contracted for but were not provided. Specifically, this lawsuit seeks disgorgement of the pro-rated, unused amounts of the fees that Plaintiff and other putative Class members paid, but for which they (or the students on behalf of whom they paid) were not provided the benefit, as well as a partial pro-rated tuition reimbursement representing the difference in fair market value between the on-campus product for which they had paid, and the online product that they received.

**PARTIES**

15.     Plaintiff Engel is an adult, who at all relevant times, is and was a resident and citizen of the Commonwealth of Pennsylvania. He paid tuition and fees for the Spring 2020 semester. Halfway through the Spring 2020 semester, Plaintiff was forced to take his classes remotely, refrain from visiting campus, and prevented from utilizing various on-campus services for which he paid.

16.     Plaintiff Engel was an undergraduate student enrolled at Gannon's Erie, Pennsylvania campus for the Spring 2020 semester, which was scheduled to run from January 13, 2020 through May 8, 2020. Plaintiff did not have access to campus after March 22, 2020, because the campus was closed due to the COVID-19 pandemic. Plaintiff paid tuition and fees for the Spring 2020 semester, the benefits of which he lost because Gannon closed the campus and cut off access to on-campus services, facilities, and extracurricular activities.

17.     Defendant, Gannon University, is a private university founded in 1933. Gannon offers numerous major fields for undergraduate students, as well as a number of graduate programs. Defendant's undergraduate programs include students from many of the states in the country, including Pennsylvania, New York, Ohio, New Jersey, Virginia, Illinois, and others. Its principal campus is located in Erie, Pennsylvania. Defendant is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

18.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

19.     This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant conducts substantial business by operating its principal campus in this District, and soliciting students residing in this District to attend its institution.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, specifically, the contracts

that are the subject of this action were formed in this District, and the performance and breach of contract also occurred in this district.

## FACTUAL ALLEGATIONS

21.     Gannon is a four-year residential and commuter university. Gannon requires all students within their first four semester to live in university-owned housing "in order to encourage engagement with the Gannon community and provide support to students transitioning to college life."[1] Students who reside nearby however, are exempt from Gannon's residency requirement.[2]

22.     Since its founding in 1933, Gannon has offered its educational programs on-campus and in-person. And like many traditionally residential colleges and universities across the United States, for the 2019-2020 school year, Gannon offered the vast majority of its educational programs on-campus, in-person.

23.     Indeed, a review of Gannon's academic offerings on its website demonstrates that while Gannon offers students the option between a traditional in-person, on-campus educational experience or a virtual educational experience, Gannon offers a vast majority of its educational programs in-person on its Erie, Pennsylvania campus as opposed to its virtual campus.

24.     Further, every Gannon student, prior to enrolling in classes, is presented with the option of taking online classes or on-campus and in-person classes. Gannon's course selection search specifically allows students to select classes that are either "Face-to-Face" that are assigned physical classroom locations on-campus or classes that are "Online."

---

[1] *Living on* Campus, Gannon University, https://www.gannon.edu/Student-Life/Living-on-Campus/ (last visited Aug. 14, 2023).
[2] *Id.*

25.     To enroll in classes, Gannon students are required to pay tuition and some form of mandatory fees. The Spring 2020 semester was scheduled to commence on or about January 13, 2020, and end on or around May 8, 2020.

26.     Tuition at Gannon for in-person education for the Spring 2020 Semester was between $16,135 to $17,110 for full-time undergraduate students, depending on the program. Additionally, Gannon charged undergraduate students a $138 Engagement Fee and a $340 University Fee (collectively, the "Mandatory Fee").

27.     Gannon uses its marketing materials, course catalogue, and other bulletins to solicit students for its on-campus programs.

28.     For example, Gannon's website describes the benefits of attending its on-campus educational experience with faculty and other students. Specifically, the website explains that:

> Gannon's array of undergraduate . . . program offerings provide unique opportunities for students to work and learn in hands-on, professional settings. You'll receive a meaningful education with a low 13:1 student-to-faculty ratio and side-by-side research with your professors.[3]

29.     Gannon's 2019-2020 Course Catalog further touts various on-campus and in-person academic services students have access to:

> Nash Library and Student Learning Commons opened in spring of 2018 after an extensive modernization project. The building contains spaces for quiet study as well as spaces for collaborative work. There are 49 study rooms in a variety of sizes and configurations designed to accommodate 2 to 10 students. . . . The library is open 104.5 hours per week during the Fall and Spring semesters.
>
> The STEM (Science, Technology, Engineering, and Mathematics) Center provides free one on one and group tutoring opportunities for courses within the Morosky College of Health Professions and Sciences and the College of Engineering and Business, and also supports related coursework from the College of Humanities, Education, and Social Sciences. (Specific areas include mathematics, statistics, physics, chemistry, biology, health professions, engineering, and business.) The

---

[3] *About* Gannon, Gannon University, https://www.gannon.edu/about-gannon/ (last visited Aug. 14, 20023).

STEM Center also provides more intensive support for traditionally difficult courses through the STEM-PASS (Peer Assisted Study Scheme) initiative which includes tutor attendance and participation in the target classes and facilitation of several extra help sessions each week. . . .

The Writing & Research Center (WRC) is staffed by professional and trained peer consultants who reflect our respect for the individual writer. The Writing & Research Center team has a strong commitment to service and regards language as fundamental to the holistic development of the student. We offer one-on-one conferencing, both in-house and online, for students of all abilities, including speakers of other languages. Undergraduate and Graduate students should visit the Writing & Research Center at any stage of the writing process, from any discipline. In addition, the WRC provides tutoring for all CHESS courses, as well as support . . . .[4]

30.     In its 2019-2020 Course Catalog, Gannon also marketed its on-campus experience as a benefit of enrollment, including:

   a.     promoting activities and services offered by its Student Development and Engagement division, promising "meaningful discussions and a variety of experiences" allowing students to "ultimately graduate transformed;" and

   b.     advertising the recreation and wellness center as a facility that offered "rich opportunities for the development of student leaders and the wellness of all."[5]

31.     Gannon's website also highlights its on-campus community and describes the benefits of attending Gannon in-person, referring to Gannon as "A Place to Call Home."[6] Indeed, Gannon describes the benefits of its on-campus community as follows:

Gannon University is a tight-knit community with many events and opportunities to get engaged on campus! Living on campus keeps you close to all the action. Walk to your classes, zip over to the library to get that book you need, grab a bite to eat, or work out in our amazing athletic and recreation facilities. No matter what you are looking for, living on campus helps you make the most of your college experience and keeps you close to the resources you need to succeed.

---

[4]     *Undergraduate      Catalog      2019-2020*,      Ganon      University      (July      10,      2019), https://issuu.com/gannon.university/docs/gannonuniversity-undegraduatecatalo, at p. 26.
[5] *Id.*, at p. 31.
[6] *Student Life*, Gannon University, https://www.gannon.edu/student-life/ (last visited Aug. 14, 2023).

> Gannon provides a comfortable environment centered on the academic and holistic development of each student. There are numerous lounges for either study or socialization. Furniture, internet access, utilities, and maintenance are all included in our facilities.[7]

32.     Further, Gannon's website highlights how its on-campus community can help develop students both personally and professionally:

> Gannon's friendly environment is a hub for trying new things, making lifelong friends, developing personally and professionally, and exploring the world. There is no shortage of ways to get involved: 90+ clubs and organizations, domestic and international travel programs, a variety of varsity teams, clubs and intramural sports, and more.[8]

33.     Finally, Gannon's website explains the benefits of attending college on-campus at its Erie, Pennsylvania campus:

> With approximately 20,000 students within a 20-mile radius, Erie, Pennsylvania is a college town. Right next door to Gannon's downtown campus, you'll find internship opportunities and co-op jobs with government agencies, local businesses and hospitals. When your school day is done, you'll have plenty of fun as well. Explore museums, galleries, theaters and restaurants right in the heart of the city, all steps away from Gannon-and seven miles of Lake Erie beaches close by.[9]

34.     Plaintiff and members of the Class paid tuition for the benefit of an on-campus and in-person educational experience throughout the entire Spring 2020 Semester.

35.     Plaintiff and the members of the Class also paid the Mandatory Fee for the Spring 2020 semester so they could benefit from on-campus services and facilities offered by Gannon to its students.

---

[7] *Living on Campus*, Gannon University https://www.gannon.edu/Student-Life/Living-on-Campus/ (last visited, Aug. 14, 2023).

[8] *Student Life*, Gannon University, https://www.gannon.edu/student-life/ (last visited Aug. 14, 2023).

[9] *Erie, Pennsylvania Campus*, Gannon University, https://www.gannon.edu/About-Gannon/Erie-Pennsylvania-Campus/ (last visited Aug. 14, 2023).

36.     Despite Plaintiff and Class members paying the Spring 2020 semester tuition and Mandatory Fee to attend Gannon for an in-person and on-campus educational experience, Gannon failed to provide the promised in-person educational experience for the duration of the entire semester, instead providing online instruction for approximately 50% percent of the Spring 2020 semester.

37.     Gannon has not provided any refund of any tuition or Mandatory Fee and continues to retain the monies paid by Plaintiff and the Class.

### *In Response to COVID-19, Gannon Closed Campus, Preventing Access to its Facilities, Services, Housing, and Dining, and Cancelled All In-Person Classes*

38.     On March 13, 2020, Gannon announced the decision to suspend in-person classes for the rest of the Spring 2020 semester, and move to "alternative instructional delivery methods," *i.e.*, online distance learning, when classes resumed on March 23.[10]

39.     Gannon also announced on March 13, 2020, that residence halls would close on March 22, 2020, and students would be expected to return to their permanent residences unless they had "personal circumstances" that required them to remain in campus residences.[11]

40.     On March 13, 2020, Gannon suspended athletic competitions.[12]

---

[10] *Gannon to shift to alternative delivery, campuses stay open*, Gannon University (Mar. 13, 2020), https://web.archive.org/web/20200408194352/https://update.gannon.edu/Update/Detail/11.
[11] *Id.*
[12] *Gannon Athletics Announces Cancelation of Spring Competition*, Gannon University (Mar. 13, 2020), https://web.archive.org/web/20200408145808/https://update.gannon.edu/Update/Detail/10.

41.     On March 17, 2020, Gannon announced that all buildings on campus were closed, except for limited services designed as "essential."[13] On March 19, 2020, Gannon closed the student recreation and wellness center and the library.[14]

42.     On March 31, 2020, Gannon postponed commencement for the Spring 2020 graduating class until October.[15]

43.      Gannon did not hold any in-person classes for undergraduate students between March 13, 2020 and the end of Spring 2020 term. All Spring 2020 semester classes after March 13, 2020 were only offered in a remote online format with no in-person instruction or interaction.

44.     Most of the services for which the Mandatory Fee was assessed were also terminated or cancelled at or about this time, such as access to Gannon's health and wellness facilities, programs or services; fitness facilities; library; student events or sports; and an in-person commencement.

45.     Although Gannon provided pro-rated refunds for residence hall rooms and student meal plans, Gannon did not provide reimbursement or refund information regarding tuition or the Mandatory Fee.

---

[13] *Gannon Campuses in Erie and Ruskin Closing*, Gannon University (Mar. 17, 2020), https://web.archive.org/web/20200512021121/https://update.gannon.edu/Update/Detail/13.

[14] Gannon University's Recreation and Wellness Center and the Nash Library Closed, Gannon University                              (Mar.                              19,                              2020), https://web.archive.org/web/20200408145222/https://update.gannon.edu/Update/Detail/15.

[15] *Commencement plans announced for Eire, Ruskin campuses*, Gannon University (Mar. 31, 2020), https://web.archive.org/web/20200408150703/https://update.gannon.edu/Update/Detail/21.

### *Students Experienced Significant Losses, in Many Cases of Borrowed Funds as a Result of Gannon's Conduct*

46.     At Gannon, the median federal loan debt among borrowers who completed their undergraduate degree is $27,000.[16] The median monthly federal loan payment (if it were repaid over 10 years at 5.05% interest) for student federal loan borrowers who graduated from Gannon is $270.[17] For undergraduate students who did not graduate, the typical student loan debit is $9,500.[18]

47.     With the campus shut down for approximately 50% of the semester, Plaintiff and the proposed Class members were deprived of the benefits of the on-campus educational experience as set forth above. Nevertheless, Gannon has refused to refund any portion of the tuition or the Mandatory Fee, despite not providing the on-campus in-person educational experience for which students paid.

48.     Students attending the Gannon's Spring 2020 semester did not choose to attend an online institution of higher learning, but instead chose to enroll in Gannon's in-person, on-campus educational program.

49.     During the online portion of the Spring 2020 semester, Gannon principally used programs by which previously recorded lectures were posted online for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction between students and professors and among students that is instrumental in interpersonal skill development.

---

[16] *Gannon University Tuition & Financial Aid*, U.S. News,   https://www.usnews.com/best-colleges/gannon-university-3266/paying#:~:text=At%20Gannon%20University%2C%20the%20median,their%20undergraduate%20degree%20is%20%2427%2C000 (last visited Aug. 14, 2023).
[17] *Id.*
[18] *Id.*

50.     The online formats used by Gannon did not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

51.     Students were deprived of the opportunity for hands-on, collaborative learning and in-person dialogue, feedback, and critique.

52.     Access to facilities such as libraries, laboratories, computer labs, and study rooms, integral to a university education, and access to the myriad activities offered by campus life that foster social development, leadership, wellness, independence, and networking for future careers, are all substantial and materials parts of the basis upon which Gannon can charge the tuition it charges. Contrary to Gannon's promises, these services and facilities were not provided.

53.     Gannon has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 semester for the period it moved to online distance learning.

54.     Nor has Gannon refunded any portion of the Mandatory Fee it collected from Plaintiff and the members of the Class for the Spring 2020 semester even though Defendant closed or ceased operating the services and facilities for which the Mandatory Fee was intended to pay.

55.     Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fee they paid for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed.

**CLASS ACTION ALLEGATIONS**

56.     Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All Gannon undergraduate students who satisfied their payment
> obligations for the Spring 2020 semester tuition and/or Mandatory

Fee and who were enrolled in at least one in-person on-campus class
(the "Class").

57.     Specifically excluded from the Class are all undergraduate students who received full Gannon-funded scholarships for the Spring 2020 semester, Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers.

58.     Subject to additional information obtained through further investigation and discovery, Plaintiff reserves the right to amend, narrow, or expand the class definition.

59.     **Numerosity.** The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, Gannon reported that thousands of undergraduate students enrolled for the 2019-2020 school year. The names and addresses of all such students are known to Gannon and can be identified through Gannon's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

60.     **Commonality.** There are questions of law and fact common to the members of the Class including, without limitation:

> a.     Whether Gannon accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus educational experience, as well as certain facilities and services throughout the Spring 2020 semester;

b.    Whether Gannon breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus educational experience after March 13, 2020;

c.    Whether Gannon breached its contracts with Plaintiff and the Class by failing to provide the services and facilities to which the Mandatory Fee pertained after mid-March 2020;

d.    Whether Gannon was unjustly enriched by retaining a portion of the tuition and Mandatory Fee during the period of time Gannon closed during the Spring 2020 semester, and that Plaintiff and the members of the Class were denied an in-person and on-campus educational experience and access and the services and facilities for which tuition and the Mandatory Fee was paid;

e.    Whether Gannon intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fee was intended to pay, all while retaining the tuition and Mandatory Fee paid by Plaintiff and the Class; and

f.    The amount of damages and other relief to be awarded to Plaintiff and the Class members.

61.    **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus educational experience for the tuition they paid and the services and facilities for

the Mandatory Fee that they paid, that Gannon stopped providing in mid-March 2020 for the remainder of the Spring 2020 semester.

62.    **Adequacy of Representation.** Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent. Plaintiff has further retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

63.    **Predominance.** Common questions of law and fact predominate over any questions affecting only individual Class members. Similar or identical violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numbers common questions that dominate this action. For example, Defendant's lability and the fact of damages is common to Plaintiff and each member of the Class. If Defendant breached its contracts to Plaintiff and Class members, then Plaintiff and each Class member suffered damages by that conduct.

64.    **Superiority.** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members is relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, making it impracticable for Class members to individually seek redress for Gannon's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individual litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management

difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

65.     **Ascertainability.** Members of the Class are ascertainable. Class membership is defined using objective criteria, and Class Members may be readily identified through Defendant's books and records.

### FIRST CLAIM FOR RELIEF
### BREACH OF IMPLIED CONTRACT
#### (On Behalf of Plaintiff and the Class)

66.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

67.     Plaintiff brings this claim individually and on behalf of the members of the Class.

68.     By paying Gannon tuition and the Mandatory Fee for the Spring 2020 semester, Gannon agreed to, among other things, provide an in-person and on-campus educational experience as well as the services and facilities to which the Mandatory Fee Plaintiff and Class members paid pertained throughout the Spring 2020 semester. As a result, Plaintiff and each member of the Class entered into binding implied contracts with Gannon.

69.     When entering into implied contracts, Plaintiff and Class members reasonably believed and expected that Gannon would provide them with an on-campus and in-person educational experience, as opposed to remote learning, and use of Gannon's facilities and services for the duration of the entire Spring 2020 semester as mutually agreed and intended in accordance with Gannon's publications, including but not limited to its marketing materials, course catalogues, and other bulletins, as well as Gannon's history and prior course of providing in-person on-campus education.

70.     Plaintiff and Class members fully performed their obligations under their implied contracts with Gannon by registering for classes and paying tuition and the Mandatory Fee.

71.     Defendant is in possession of all contracts, materials, circulars, advertisements and the like between Plaintiff and members of the Class on one hand, and Gannon on the other.

72.     Ganon breached its contract with Plaintiff and the Class by failing to provide the promised in-person and on-campus educational experience as well as the services and facilities to which the Mandatory Fee pertained throughout the Spring 2020 semester, yet has retained monies paid by Plaintiff and the Class for an on-campus and in-person educational experience and access to these services and facilities during the entire Spring 2020 semester. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

73.     Plaintiff and the members of the Class have suffered damage as a direct and proximate result of Gannon's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid equal to the reduction in contracted for education and services during the portion of time the Spring 2020 semester when in-person classes were discontinued, and facilities closed by Gannon.

74.     Gannon should return such portions of the tuition and Mandatory Fee to Plaintiff and each Class member.

**SECOND CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

75.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

76.     Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, to the extent it is determined that Plaintiff and the Class do not have an enforceable contract with Gannon regarding the relief requested.

77.     Plaintiff and members of the Class conferred a benefit on Gannon in the form of tuition and the Mandatory Fee paid for the Spring 2020 semester. The payment of this tuition and Mandatory Fee was to be in exchange for an in-person, on-campus educational experience to be provided to Plaintiff and the members of the Class throughout the Spring 2020 semester.

78.     Gannon knowingly accepted the benefits conferred upon it by Plaintiff and Class members.

79.     Gannon has retained the full benefit of the tuition and Mandatory Fee payments made by Plaintiff and the members of the Class for the Spring 2020 semester without providing the benefits that Plaintiff and Class members were owed.

80.     For example, Gannon failed to provide Plaintiff and Class members access to many on-campus facilities and services after March 13, 2023, yet Gannon assessed Plaintiff and Class members with tuition and fees that covered the cost of upkeep and maintenance of such facilities and services.

81.     Indeed, as a result of closing campus and moving classes online, Gannon saved significant sums of money in the way of reduced utility costs, reduced meaning and staffing requirements, reduced or eliminated hours for hourly employees, reduced or eliminated hours for paid work student students, and otherwise.

82.     The costs incurred for having an online only program is significantly lower than the overhead needed to provide classes and services on campus.

83.     Gannon's retention of all of the tuition and Mandatory Fee paid by Plaintiff and members of the Class during the period of time Gannon closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus educational experience and access and the services and facilities for which the Mandatory Fee were paid, is unjust and inequitable under the circumstances.

84.     Allowing Gannon to retain the tuition and Mandatory Fees paid for in-person on campus education and experiences, after reducing the benefit provided and the costs incurred by Gannon, unjustly enriched the Defendant.

85.     Accordingly, Gannon has been unjustly enriched and should return the prorated portion of the tuition and Mandatory Fee that Plaintiff and Class members each paid equal to the reduction in benefit for education and services during the remainder of the Spring 2020 semester when in-person classes were discontinued, and facilities were closed by the University.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory damages in an amount to be determined by the trier of fact;

(d)     For an order of restitution and all other forms of equitable monetary relief;

(e)     Awarding Plaintiff reasonable attorneys' fees, costs, and expenses;

(f)     Awarding pre- and post-judgment interest on any amounts awarded; and

(g)      Awarding such other and further relief as may be just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 18, 2023                           Respectfully submitted,

*/s/ Gary F. Lynch*

Gary F. Lynch
Jamisen A. Etzel
Nicholas A. Colella
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

20